IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN BRADY LAYNE,
        Plaintiff,

vs.                                                     Case No. 3:07cv108/LAC/EMT

JAMES R. McDONOUGH, et al.,
        Defendants.
_____/

## ORDER

This matter is before the court upon Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1; *see also* Doc. 9 at 1 (permitting Plaintiff to amend his complaint to specify that he sues Defendants in their individual capacities only)). Leave to proceed in forma pauperis has been granted (*see* Doc. 18). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief. The court will therefore allow Plaintiff an opportunity to correct the deficiency in an amended complaint.

Plaintiff names five Defendants in this action: Selina Barnes, from the records department of the Escambia County Jail; Malinda Graham, Correctional Services Assistant for the Florida Department of Corrections ("DOC"); James R. McDonough, Secretary of DOC; John Doe I, Warden of the North Florida Reception Center ("NFRC"); and John Doe II, Classification Coordinator at NFRC (*see* Doc. 1 at 1–3). Plaintiff claims that he was sentenced on October 5, 2006 to 35.7 months in prison for violating his probation (*id.* at 8). Plaintiff also claims that he was granted previous jail and prison credit of 38.1 months upon being sentenced, and thus his credit exceeded his sentence (*see id.*). As a result, Plaintiff alleges that he should have been released on the same day he was sentenced (*id.*). However, Plaintiff asserts that he was imprisoned from October 5 to October 18, 2006 in the Escambia County Jail and then held at the DOC Medical Center at Lake Butler until October 30, 2006, whereupon he was "emergency released" (*id.*) Plaintiff maintains that he made

several written complaints to the DOC "central office" before his release (*id.*).  Plaintiff alleges that Defendant Barnes failed to properly inform DOC that Plaintiff's credit exceeded his sentence (*id.* at 8).  Plaintiff then alleges that John Doe I and John Doe II incorrectly told Plaintiff that he had actually started a new 37 month term of incarceration (*id.*).  Plaintiff only mentions Defendant Graham in a footnote without any contextual reference, and does not mention Defendant McDonough in the statement of facts at all (*see id.*).  Plaintiff claims that Defendants caused him "mental stress" and inflicted "cruel and unusual punishment" on him by confining him for twenty-five days beyond what should have been his date of release (*see id.* at 9).  For relief, Plaintiff seeks an unspecified award of "exemplary, punitive, compensatory, and nominal damages" (*id.*).

Initially, Plaintiff must clarify the nature of his claims against Defendant Graham.  In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.   whether the conduct complained of was committed by a person acting under color of state law; and

> 2.  whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981), *overruled in part on other grounds by* Daniels v. Williams, 474 U.S. 327, 330–331, 106 S. Ct. 662, 664–665, 88 L. Ed. 2d 662 (1986); *see also* Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt, 451 U.S. at 535).  In his amended complaint, Plaintiff should specify what actions, if any, Defendant Graham took that violated his constitutional rights.  If Defendant Graham took no actions harming Plaintiff, he should drop Defendant Graham from his amended complaint.

Next, Plaintiff is advised that he has not stated a basis for liability for his claim against Defendant McDonough.  Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.  *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted).  Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  *Id.* (citation omitted).  This connection may be established "when a history of widespread abuse puts the responsible

supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"  *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), *cert. denied*, 120 S. Ct. 1974, 146 L. Ed. 2d 804 (2000).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'"  Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."  Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994).  The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur.  *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996).  Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

To the extent that Plaintiff alleges Defendant McDonough is liable because of his capacity as a supervisory official, Plaintiff has failed to state a claim.  Thus, if no further facts concerning Defendant McDonough exist, Plaintiff should drop Defendant McDonough as a Defendant in this case.

Plaintiff has also alleged that his Eighth and Fourteenth Amendment rights were violated when he was held beyond his release date.  Plaintiff is advised that a dichotomy exists regarding the

relevant law under which he can pursue this claim.  Some circuits hold that claims of imprisonment beyond the term of lawful confinement should be brought under the Eighth Amendment as a claim of cruel and unusual punishment,[1] *see* Sample v. Diecks, 885 F.2d 1099, 1109–10 (3d Cir. 1989); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), while the Fifth Circuit has held that challenging the fact of confinement as opposed to the conditions of confinement does not state an Eighth Amendment claim.  Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000).

Jurisdictions that permit Eighth Amendment claims where an inmate has been held past his release date apply a test of deliberate indifference.  Sample, 885 F.2d at 1109–10; Haygood, 769 F.2d at 1354.  The Ninth and Third Circuits have held that "detention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest."  Haygood, 769 F.2d at 1354; *see* Sample, 885 F.2d at 1109–10.  The Sample court used a three-part test to evaluate whether conduct by prison officials meets the "deliberate indifference" requirement:

> [First,] a plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted.  Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight.  Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

Sample, 885 F2d. at 1110.

In the instant case, Plaintiff has only asserted that Defendant Barnes failed to inform DOC that Plaintiff's sentence had expired and that Defendants John Doe I and John Doe II incorrectly informed Plaintiff that he had begun a new 37 month prison sentence (Doc. 1 at 8).  Plaintiff alleges that he made several written complaints during his incarceration and was subsequently released (*id.*).  Plaintiff has not alleged that any Defendant had knowledge of Plaintiff's problem and then failed

---

[1] If Plaintiff's claim is properly brought under the Eighth Amendment, he cannot state a due process violation. If a constitutional claim is covered by a specific constitutional provision, such as the Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. *See* County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S. Ct. 1708, 1715, 140 L. Ed. 2d 1043 (1998) (citations omitted).  Thus, substantive due process analysis is inappropriate if Plaintiff's claim is covered by another constitutional amendment.  *Id.*

to effect a resolution, or that Defendants were deliberately indifferent toward Plaintiff's written complaints.  In fact, after Plaintiff's incorrect incarceration was discovered, he alleges that DOC "emergency released" him (*see id.*).  Thus, Plaintiff has failed to assert a basis for his claims under the Eighth Amendment.

The Fifth Circuit has ruled that Eighth Amendment claims which challenge the fact of confinement, rather than the conditions of confinement, do not constitute a valid Eighth Amendment claim, and must thus be brought under the Due Process Clause of the Fourteenth Amendment.  *See* Jones, 203 F.3d at 880; *see also*  Nelson v. Stalder, 135 F. Supp. 2d 745, 751–52 (E.D. La. 2001), *rev'd on other grounds*, 31 Fed. Appx. 836 (5th Cir. 2002) (citing Jones, 203 F.3d at 880–81) ("[A] challenge to the fact of incarceration rather than the conditions of incarceration does not state a cause of action under the Eighth Amendment.").  "[T]he substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.' "  County of Sacramento v. Lewis, 523 U.S. 833, 847, 118 S. Ct. 1708, 1715, 140 L. Ed. 2d 1043 (1998) (*citing* Collins v. Harker Heights, 503 U.S. 115, 128, 112 S. Ct. 1070, 117 L. Ed. 2d 261 (1992).

Here, although Plaintiff was allegedly incarcerated twenty-five days past his release date, Plaintiff's rendition of the facts does not permit the conclusion that any Defendant acted in a manner that was arbitrary or conscience-shocking.  Plaintiff does not allege that any Defendant intended to hold him beyond his release date.  Furthermore, Plaintiff's allegations tend to show that his brief incarceration was actually due to unintentional error.  Thus, Plaintiff has failed to state a valid substantive due process claim.

Accordingly, under both the Eighth Amendment and the Substantive Due Process Clause of the Fourteenth Amendment, Plaintiff has failed to state claim because Plaintiff has failed to allege that Defendants Graham, Barnes, John Doe I, or John Doe II[2] by their individual or collective conduct deprived him of any rights guaranteed by the Constitution or federal laws.

---

[2]In his amended complaint, Plaintiff is advised that he should provide as much information as possible about the John Doe Defendants; i.e., race, sex, age, first or last name, shift worked on the day of the event that precipitated the complaint, etc.  In short, Plaintiff should provide information that would be sufficient to identify the John Doe Defendants.

Finally, even if Plaintiff prevails on either claim, he will only be able to collect nominal damages absent an allegation that he suffered physical harm as a result of the alleged constitutional deprivation.  Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims.  Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)).  In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury.  Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), reh'g en banc granted and opinion vacated, 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in pertinent part en banc, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), aff'd. 263 F.3d 169 (11th Cir. 2001) (Table), cert. denied, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff is an inmate confined in the Escambia County Jail (see Doc. 1 at 2).  He has alleged no physical injury and is therefore not entitled to collect monetary damages due to Defendants' alleged constitutional violations.  Thus, in his amended complaint, Plaintiff should drop his claim for "exemplary," compensatory and punitive damages.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action.  If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal.  If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their

names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla.  Loc.  R. 15.1.

Accordingly, it is **ORDERED**:

1.      The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C.  §1983.  This case number should be written on the form.

2.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form.  In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3.      Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 6th day of August 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**